IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED HATCHETT, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DEPUTY SHERIFF JOHN WRIGHT | : | |
| and SECURITY CAPTAIN JANE DOE, | : | No. 06-269 |
| Defendants. | : | |

**MEMORANDUM & ORDER**

**Schiller, J.**                                                                                   **August 16, 2007**

On January 20, 2006, Plaintiff Alfred Hatchett, proceeding *pro se*, commenced this action against Defendant Deputy Sheriff John Wright via a form civil rights Complaint.[1]  Plaintiff alleges that Defendant beat him without cause on August 15, 2005 in the sub-basement of the Philadelphia Criminal Justice Center ("CJC").  A bench trial was held on August 13, 2007.  The Court now enters the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

**I.   FINDINGS OF FACT**

On August 15, 2005, Plaintiff was an inmate at the Philadelphia Industrial Corrections Center ("PICC"), and he was being transported by the Philadelphia Sheriff's Department from the PICC to the CJC.  (Def.'s Proposed Findings of Fact and Conclusions of Law [hereinafter Def.'s Findings] ¶¶ 1-3; August 13, 2007 Tr. at 9.)[2]  Plaintiff, along with 31 other inmates, disembarked the bus at

---

[1] Because Plaintiff never identified or served Security Captain Jane Doe, any claims against her must necessarily fail.

[2] Plaintiff did not file Proposed Findings of Fact and Conclusions of Law.

the CJC and entered into a large holding cell. (Tr. at 18.) The inmates were eventually divided into two 16-man groups occupying adjacent holding cells in the sub-basement of the CJC. (*Id.*) Defendant Wright began removing the handcuffs of the 16 inmates assigned to his group. (*Id.* at 12, 18.) Plaintiff, who was not in Defendant's group, had his handcuffs removed by another officer. (*Id.* at 12, 19.) Plaintiff began to verbally berate Defendant, causing the other 31 inmates to become agitated. (*Id.* at 13, 19.) In an effort to calm the situation, Defendant ordered Plaintiff to walk to a separate cell in the sub-basement area away from the other inmates. (Def.'s Findings ¶ 6; Tr. at 13.) Plaintiff complied, but as he was entering the cell Plaintiff turned around and struck Defendant on his head and neck. (Def.'s Findings ¶ 7; Tr. at 13, 19.) Defendant responded by striking Plaintiff four or five times as he tried to gain control of the situation. (Def.'s Findings ¶ 9; Tr. at 19.) Defendant, with the assistance of other security officers, eventually forced Plaintiff to the ground and subdued him. (Def.'s Findings ¶ 10; Tr. at 20.)[3]

## II.   CONCLUSIONS OF LAW

Although the exact legal basis upon which Plaintiff seeks relief is unclear, the Court surmises from the allegations and the use of the 42 U.S.C. § 1983 form complaint that Plaintiff asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment. *See Hudson v. McMilliam*, 503 U.S. 1, 5 (1992); U.S. CONST. amend. VIII. Where, as here, a prison official is confronted with a prison disturbance and uses force to restore order, "'the core judicial inquiry is

---

[3] Under Plaintiff's version of events Defendant attacked Plaintiff because of Defendant's mistaken belief that Plaintiff had insulted him. (Tr. at 29-31, 34-36.) Plaintiff, however, failed to prove these facts by a preponderance of the evidence and has therefore not met his burden of proof.

whether . . . force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Dziedzic v. Thomas*, Civ. A. No. 91-7364, 1993 WL 197027, at *4 (E.D. Pa. June 9, 1993) (*quoting Hudson*, 503 U.S. at 6) (ellipsis in original).

The Court holds that Plaintiff has failed to establish facts sufficient to conclude that Defendant acted "maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 5 (citations omitted). Indeed, the facts show that: (1) Plaintiff had verbally chastised Defendant in front of other inmates causing them to become agitated; (2) Plaintiff struck Defendant in the head and face; (3) Defendant used force in an effort to subdue Plaintiff; and (4) Defendant did not cause any permanent injuries to Plaintiff. Accordingly, the Court concludes that Plaintiff has failed to establish a violation of his Eighth Amendment rights.

**III.   CONCLUSION**

For the foregoing reasons, judgment is entered in favor of Defendant Wright and against Plaintiff Hatchett. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED HATCHETT, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DEPUTY SHERIFF JOHN WRIGHT | : | |
| and SECURITY CAPTAIN JANE DOE, | : | No. 06-269 |
| Defendants. | : | |

## ORDER

AND NOW, this **16th** day of **August**, **2007**, upon consideration of Defendant's Findings of Fact and Conclusions of Law, following a bench trial on the merits, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Judgment is entered in favor of Defendant Deputy Sheriff John Wright and against Plaintiff Alfred Hatchett.

2. The Clerk of Court is directed to close this case.

BY THE COURT:

_____
**Berle M. Schiller, J.**